# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**WILLIAM A. BRENNAN,**

      **Petitioner,**

v.                                                                 Case No. 2:12-cv-01306

**DENNIS DINGUS, Warden,**
McDowell County Correctional Center[1],

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 26, 2012, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), filed by William A. Brennan (hereinafter "the petitioner"). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

The petitioner, who is presently incarcerated at the McDowell County Correctional Center in Welch, West Virginia, is serving a 15-year sentence upon his conviction by a jury in the Circuit Court of Logan County, West Virginia, of voluntary

---

[1] The petitioner also named Darrell McGraw, Attorney General for the State of West Virginia as a respondent in his petition. The custodian of the correctional facility in which the petitioner is incarcerated is the only proper respondent in a section 2254 petition. Accordingly, the Clerk is directed to terminate Attorney General McGraw as a party in this civil action.

manslaughter. *State v. Brennan*, No. 06-F-218 (Cir. Ct. Logan Cty, Feb. 27, 2008).[2] Based upon a review of the docket sheet, the petitioner was proceeding *pro* se, with the assistance of co-counsel, George Castelle, at his second trial, which resulted in his conviction.[3] On March 4, 2008, Petitioner filed a Motion for a New Trial. While the petitioner's Motion for a New Trial was pending, he had five changes in the appointment of counsel to represent him.

On June 23, 2009, while represented by attorney Ben Bryant, the petitioner filed a Second Supplement to Motion for a New Trial and Motion for Judgment of Acquittal. On June 30, 2009, it appears that the petitioner filed some other sort of "omnibus post-sentencing motion." On June 23, 2009, a "Certified Commitment Order" was entered. Thus, it would appear that the Circuit Court denied the petitioner's post-trial motions and sentenced the petitioner on that date.

The docket sheet further reflects that an "Order on Conviction by Jury on Voluntary Manslaughter" was entered on July 6, 2009. It is presumed that this Order is the Final Judgment Order in the petitioner's criminal case. That same date, the Circuit Court entered an Order that the defendant shall file any appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV") within the time frame provided by the Rules of Criminal and Appellate Procedure.

On July 9, 2009, Mr. Bryant was allowed to withdraw and attorney D. Adrian Hoosier was appointed to represent the petitioner. Since that time, the Circuit Court has permitted five more changes in the appointment of counsel to represent the petitioner on appeal, and has granted numerous extensions of the time period for filing

---

[2] The undersigned's staff has obtained a printout of the petitioner's criminal docket sheet from the Circuit Court of Logan County as of April 27, 2012. The undersigned will reference information derived from the docket sheet as necessary.
[3] The petitioner's first trial resulted in a mistrial based upon a hung jury.

a petition for appeal, and has re-entered the petitioner's Judgment Order several times to enable the extensions.

A review of the docket sheet indicates that the petitioner's most recent court-appointed counsel, Matthew Victor, had moved to withdraw. A hearing on Mr. Victor's Motion to Withdraw was set for April 23, 2012. According to the Logan County Circuit Clerk's Office, on April 30, 2012, the petitioner filed another motion for resentencing. The Clerk's Office further indicated that, on May 5, 2012, Mr. Victor was relieved as counsel, and attorney Marsha Rumora was appointed to represent the petitioner. A hearing is set on the petitioner's motion for resentencing on June 7, 2012.

Notwithstanding the fact that the petitioner likely still has an opportunity to file a direct appeal concerning his Logan County conviction, on February 14, 2011, the petitioner filed a *pro* se petition in the SCAWV which was treated as a Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV. On January 12, 2012, the SCAWV summarily refused that petition. The petitioner then filed the instant section 2254 petition in this court on April 26, 2012.

## **APPLICABLE STATUTES AND CASE LAW**

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust her state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either a direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused. The issues may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original

jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits. A summary refusal of such a petition will not exhaust those claims.

The petitioner's section 2254 petition states:

> The petitioner was denied adequate counsel to perfect his direct appeal, resulting in loss of ability to pursue said appeal. [Supporting facts] 1) multiple attorneys have been assigned to work on the petitioner's appeal; 2) none of said attorneys have perfected or submitted the petitioner's direct appeal; 3) said attorneys have repeatedly sought extensions of time limits and resentencings in order to continued working on said appeal; 4) attorneys repeatedly failed to discuss case and seek petitioner's input; 5) petitioner discharges his sentence in December of 2012, rendering a direct appeal now virtually meaningless.

(ECF No. 1 at 4-5.)

Despite the fact that no direct appeal has been filed on the petitioner's behalf, he has been granted numerous extensions of the filing period, and still has the ability to file a direct appeal. Because the petitioner's state direct criminal proceedings are on-going, he has not properly exhausted his state court remedies. Furthermore, his original jurisdiction habeas corpus petition filed in the SCAWV did not exhaust his state court remedies because it was summarily dismissed. Thus, the claims contained in his section 2254 petition are unexhausted, and his section 2254 petition is premature. Accordingly, it must be dismissed without prejudice.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his state court remedies prior to filing the instant section 2254 petition.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition and this civil action, without prejudice, for failure to exhaust his state court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit it to the Attorney General.

 May 22, 2012

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge