IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM A. BRENNAN,

          Plaintiff,

v.                        CIVIL ACTION NO. 2:12-cv-01306

DARRELL MCGRAW, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

This Petition for Habeas Corpus relief under 28 U.S.C. § 2254 (the "Petition") was filed on April 26, 2012. The Petition was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the Court dismiss the Petition without prejudice, for failure to exhaust state remedies.

Thereafter, the petitioner filed timely objections to the Proposed Findings and Recommendation [Docket 5]. The Court has reviewed *de novo* those portions of the Proposed Findings and Recommendation to which the petitioner has filed specific objections. For the reasons set forth below, the Court **ADOPTS** and incorporates herein the Magistrate Judge's Proposed Findings and Recommendation, and further **FINDS** that the petitioner has not established that the exhaustion of such remedies would be ineffective or futile under 28 U.S.C. §

1

2254(b)(1)(B)(ii) and is therefore not excused from exhausting his state remedies. Accordingly, the Court **DISMISSES** the Petition without prejudice.

I. Background

The Court **ADOPTS** and incorporates the procedural history set forth in the Proposed Findings and Recommendation. The petitioner is serving a 15-year sentence upon his conviction by a jury of voluntary manslaughter in the Circuit Court of Logan County. On March 4, 2008, the petitioner filed a Motion for a New Trial. During the pendency of that motion, he had five changes in the appointment of counsel to represent him. On June 23, 2009, the petitioner filed a Second Supplement to Motion for a New Trial and Motion for Judgment of Acquittal. That same day, the court issued a "Certified Commitment Order." Therefore, it appears that the Circuit Court denied the petitioner's post-trial motions and sentenced the petitioner that day. On July 6, 2009, the Circuit Court issued an "Order on Conviction by Jury on Voluntary Manslaughter" and entered an order that the defendant shall file any appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV") within the time frame provided by the Rules of Criminal and Appellate Procedure. As Judge Stanley explained, this Order on Conviction is presumed to be the Final Judgment Order in the criminal case.

Several days later, the Circuit Court permitted one attorney to withdraw and appointed another to represent the petitioner. Since then, the Circuit Court has allowed for five more changes in the appointment of counsel and has granted several extensions of the time period for filing a petition for appeal. On February 14, 2011, the petitioner filed a *pro se* petition in the SCAWV, which was treated as a Petition for a Writ of Habeas Corpus under the original

2

jurisdiction of the court and summarily refused. Finally, a hearing was held on the petitioner's motion for resentencing on June 7, 2012.

Judge Stanley recommended that the court dismiss the petition because the petitioner failed to exhaust his state remedies. The federal habeas corpus statute provides, in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1), (c). In West Virginia, a prisoner has three options for exhausting state court remedies: (1) stating cognizable federal constitutional claims in a direct appeal; (2) stating such claims in a petition for a writ of habeas corpus in a state circuit court, followed by filing a petition for appeal from an adverse ruling by the SCAWV; or (3) filing a petition for a writ of habeas corpus under the original jurisdiction of the SCAWV. *See Rydbom v. Ballard*, No. 6:07-cv-00711, 2009 WL 305079, at *7 (S.D. W. Va. Feb. 6, 2009). However, under this third option, if the court denies the petition without indicating that it is with prejudice, following a determination on the merits, it does not exhaust the state court remedies. *Id.*

Judge Stanley notes that no direct appeal has been filed on the petitioner's behalf. However, the petitioner has been granted extensions for the filing period, and still has the opportunity to file a direct appeal. Moreover, the petition filed with the SCAWV did not exhaust

his remedies because it was summarily dismissed. Thus, the petitioner has not exhausted his state court remedies.

## II.   The Delay in This Case Does Not Render State Remedies Ineffective, and Petitioner is Not Excused from Exhausting his State Remedies.

Absent valid excuse, a habeas petitioner must first present his claims to state courts, as discussed above. 28 U.S.C. § 2254(b)(1)(A). The petitioner does not dispute that requirement. Rather, he argues that 28 U.S.C. § 2254(b)(1)(B)(ii) applies because circumstances exist that render the state corrective process ineffective to protect his rights. He argues, in particular, that "[t]he repeated cycling in and out of lawyers for the Petitioner has had the effect of pushing back the filing of his appeal until the present date, at which time the Petitioner is six (6) months from discharging a fifteen (15) year sentence." [Docket 5, at 1.] The petitioner represents that no contact has been made between him and his most recently appointed attorney concerning his appeal, in which he intends to appeal the Circuit Court's refusal to continue his New Trial Motion.

In essence, the petitioner's argument is that of inordinate delay. Under § 2254(b)(1)(B)(ii), state remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. *See Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995) (unpublished table decision). When such circumstances exist, a federal court may review unexhausted habeas corpus claims. However, delay only rises to the level of "inordinate" in extreme cases. *See Short v. Hoke*, No. 2:09-cv-01097, 2010 WL 2509633, at *2 (S.D. W. Va. June 18, 2010) (quoting *Singleton v. Wynder*, 485 F. Supp. 2d 602, 605 (E.D. Pa. 2007). Here, the length of the delay simply does not rise to the level of "inordinate." The petitioner's conviction became appealable on July 6, 2009. The petitioner filed the instant Petition on April

4

26, 2012. Thus, less than three years have passed between the final order and the filing of the instant Petition. *See, e.g.*, *Ward*, 1995 WL 48002, at *1 (fifteen year delay excuses exhaustion requirement); *Walkup v. Haines*, No. 5:04-1283, 2005 WL 2428163 (S.D. W. Va. Sept. 30, 2005) (three year delay not unreasonable); *Francis v. McMaster*, No. 4:05 2726 HGG, 2006 WL 1663795 (D.S.C. June 13, 2006) (two and one half years not inordinate delay); *Straws v. Padula*, No. 4:08-02714-HFF-TER, 2008 WL 4180308 (D.S.C. Sept. 3, 2008) (delay of twenty six months not inordinate); *Shuler v. Reynolds*, No. 6:07-949-HFF-WMC, 2007 WL 3231737 (D.S.C. Oct. 30, 2007) (over two years delay does not render state remedies ineffective). In conclusion, the Court **FINDS** that the petitioner is not excused from his obligation to exhaust his state remedies, **ADOPTS** the Magistrate Judge's findings and **DISMISSES** the Petition without prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 24, 2012

_____
Joseph R. Goodwin, Chief Judge